# KEVIN T. CONWAY, ESQ.
## ATTORNEY AT LAW
### LICENSED IN
### N.Y., N.J., CT.

| | |
|---|---|
| 664 Chestnut Ridge Road | c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC |
| Spring Valley, NY 10977 | 500 Frank W. Burr Blvd., Ste. 31 |
| Tel: (845) 352-0206 | Teaneck, NJ 07666 |
| Fax: (845) 352-0481 | Tel: (201) 928-1100 |

December 28, 2018

The Honorable Judge Ronnie Abrams
United States Courthouse
40 Foley Square
New York, NY 10007

> Re: 1:18-cv-01924-RA; Malibu Media LLC vs. Sebastian Wintermute; Letter for Initial Status Conference

Dear Judge Abrams:

This Court has scheduled the Initial Status Conference for January 4, 2019 at 10:45 a.m. In preparation for this conference, and pursuant to this Court's order entered on March 6, 2018 and December 5, 2018, Plaintiff, Malibu Media, LLC ("Plaintiff") and Defendant, Sebastian Wintermute, submit this letter.

**(1) A brief statement of the nature of the action and the principal defenses thereto;**

Plaintiff's Position:

Plaintiff has alleged that Defendant used the BitTorrent file distribution network to infringe Plaintiff's copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed at least thirty-five (35) of Plaintiff's movies. Plaintiff filed its Complaint to permanently enjoin Defendant from directly infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504-(a) and (c). Plaintiff will assert that Defendant had access to and used the relevant IP address and that the Defendant's hard drives contain traces of a BitTorrent client, torrents, and Plaintiff's works.

Defendant's position:

Sebastian Wintermute operates an unincorporated business and is a subscriber to Spectrum Business Services that provides high speed Internet and Phone services through a modem with an assigned IP address 67.254.79.130. As many other businesses, business operators, and service providers, Sebastian Wintermute is entitled and was actively encouraged by Spectrum representatives to offer to his clients internet access via the same modem.

Sebastian Wintermute denies and has no recollections of personally, intentionally or accidenty downloading the materials belonging to the Plaintiff. The search for the material belonging to the Plaintiff conducted by Sebastian Wintermute on the computer devices employed for his own business and private uses produced no results. The attempt to find if those materials were indeed downloaded and distributed was impeded by the failure of the Plaintiff to provide any information, beside the titles and hush tags, that could have helped to identify any files that could contain the materials, or the devices used to download or distribute those materials.

The timing of the alleged download and distribution of the material listed in the exhibits A and B coincided with the time then Verizon experienced months long, neighborhood wide problems with its consumer and business Internet and Phone services. At that time Sebastian Wintermute felt it to be his right and obligation to help those affected by the outage by sharing internet access with building maintenance personnel, construction workers in the building, and some of the former neighbors. Respecting individuals right to privacy and having no technical abilities to monitor the content, Sebastian Wintermute had no knowledge if the materials belonging to the Plaintiff were ever downloaded and distributed.

Over the year Malibu Media, LLC and its legal representatives gained an unfortunate reputation for filing a great number of cases based on little evidence to substantiate the charges, apparently in hope of forcing a settlement onto people who would fear embarrassment to be publicly named as "a habitual and persistent BitTorrent user and copyright infringer" of pornographic materials. The methods and means used by Malibu Media, LLC and its representatives are well described in: C 15-04441 WHA, 1:14-cv-00223-MJG, and other cases, articles, and publications.

In view in the above stated, Sebastian Wintermute considers the accusations brought against him to be unsubstantiated and lacking poof or merit.

**(2) A brief explanation of why jurisdiction and venue lie in this court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business;**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district courts having subject matter jurisdiction over matters dealing with a federal question) and 28 U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with

patents, copyrights, and trademarks).

Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

Plaintiff, Malibu Media, LLC 9b/b/a "X-Art.com") is a limited liability company organized and existing under the law of the State of California and has its principal place of business in California.

**(3) A brief description of all contemplated and/or outstanding motions;**

None.

**(4) A brief description of any additional discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;**

No discovery has been taken as of yet. Interrogatories, Requests for Production, Requests for Admissions and depositions need to be completed.

**(5) A brief description of prior settlement discussion (without disclosing the parties' offers or settlement positions) and the prospect of settlement;**

The parties have not yet engaged in settlement negotiations.

**(6) The estimated length of trial; and**

It is the parties' position that the trial period will be no longer than four [4] days.

**(7) Any other information that the parties believe may assist this Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

    Defendant's Position:

Sebastian Wintermute respectfully requests that Malibu Media, LLC, its consultants, legal, and other representatives provide the following information regarding the devices and the files that may contain the materials belonging to the Plaintiff:

The actual file names corresponding to the titles of Plaintiff's works. Such as may be:
    xxx-xxx-xx.avi
    123-abc.zip
    Tight_Ass_Teen.mov
    or any others

The sizes of each file. Such as may be:
    745kb
    1.4mb
    2.1gb
    or any others

The formats of the file. Such as may be:
    .avi
    .zip
    .exe
    or any others

The URL's and the titles of the websites from which the torrent files were downloaded, such as may be:
    thepiratebay.org
    uniondht.org
    pornolab.net
    or any others

The list of hard drives that may contain traces of a BitTorrent client, torrents, and Plaintiff's works.

The types, operation systems and any other information identifying devices used to download and to distribute the materials listed in the exhibits A and B. Such as may be:
    iMac,                                                                                                       OSX
    Android,                                                                                 Gingerbread
    Pentium,                                     Windows                                   9
    or any others

Browser types used to download the torrent files for the material listed in the exhibits A and B. Such as may be:
    Safari
    Opera

    Chrome
    or any others

The full description of technologies or any other means used to obtain such information. Such as may be:
    Cookies
    Geolocation
    Social engineering
    or any others

The names of the companies and the names of outside consultants employed by Malibu Media, LLC and its representatives to obtain such information and their professional credentials.

    Plaintiff's Position:

Plaintiff asserts that Defendant's request for information in this joint letter should be served as a request for production or interrogatories to which Plaintiff will make a timely response, including any appropriate objections. Out of an abundance of caution, to preserve all objections, the requests for information Defendant makes above are objectionable on the basis that responsive documents are protected by the privilege against disclosure of work product and contain communications protected from disclosure by the federal rules and that they seek the mental impression and work product of counsel. See Fed. R. Civ. P. 26(b)(4)(C). Plaintiff also objects on the basis that this request seeks disclosure of information which is "[protected] communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)[.]," pursuant to Fed. R. Civ. P. 26(b)(4), and protected by the privilege against disclosure of work product protected from disclosure by the federal rules. Fed. R. Civ. P. 26(b)(4)(C). All experts were hired in anticipation of litigation. Further, several requests seek information which is solely in possession of the Defendant i.e. lists of the hard drives used to infringe upon Plaintiff's works, and the details of the specific software, internet browsers, and equipment used to infringe upon Plaintiff's works.

Dated: December 28, 2018

    Respectfully submitted,

    /s/ *Kevin T. Conway*
    Kevin T. Conway, Esq. (KC-3347)
    664 Chestnut Ridge Road
    Spring Valley, New York 10977-6201
    T: 845-352-0206
    F: 845-352-0481
    E-mail: ktcmalibu@gmail.com
    Attorneys for Plaintiff


    /s/ *Sebastian Wintermute*

                                              Sebastian Wintermute
                                              195 Stanton Street, #1D2
                                              New York, NY 10002
                                              T: 212-598-5847
                                              E-mail: contact@sebastianwintermute.com
                                              *Pro se* Defendant