# KEVIN T. CONWAY, ESQ.
## ATTORNEY AT LAW
## LICENSED IN
## N.Y., N.J., CT.

| | |
|---|---|
| 80 Red Schoolhouse Road, Suite 110 | c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC |
| Spring Valley, NY 10977 | 500 Frank W. Burr Blvd., Ste. 31 |
| Tel: (845) 352-0206 | Teaneck, NJ 07666 |
| Fax: (845) 352-0481 | Tel: (201) 928-1100 |

May 8, 2019

The Honorable Judge Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

      *Re: 1:18-cv-01924-RA, Malibu Media, LLC v. Sebastian Wintermute – Plaintiff's Letter in Response to Defendant's Motion to Compel*

Dear Judge Abrams:

Pursuant to the Endorsed Order [CM/ECF 49], and Your Honor's Individual Practices, Plaintiff submits this letter response to Defendant's Motion to Compel [CM/ECF 45]. Without any attempt to confer with Plaintiff's Counsel, and without following Your Honor's Individual Practices, Defendant has filed a Motion to Compel [CM/ECF 45] arguing in sum that he believes Plaintiff has not appropriately responded to Defendant's untimely served discovery requests. However, he has not cited to any interrogatory response in particular, nor addressed each of Plaintiff's objections stated.

Defendant did not propound interrogatories within the deadlines set by the Court at CM/ECF 36 (Interrogatories by January 18, 2019). Instead, Defendant untimely served what he states are interrogatories in the body of an e-mail to Plaintiff's Counsel on March 15, 2019. See Exhibit A Defendant filed in support of the instant Motion to Compel. Plaintiff put Defendant,

and this Honorable Court, on notice of the improper form and untimely service (if it could be considered that) via Plaintiff's discovery status letter filed March 15, 2019 [CM/ECF 39], wherein Plaintiff stated its objection to answering the untimely interrogatories.

At the teleconference on March 22, 2019, Your Honor indicated that he might be inclined to allow Defendant's untimely service of the interrogatories. Thereafter, Plaintiff served interrogatory answers restating for the record the objections based on the untimely service of the interrogatories and their improper form, **but also** providing all other applicable specific objections (including work product objections, consulting expert work product objections, and vague and confusing objections among them) and in some cases providing substantive answers where possible. See Plaintiff's Answers to Interrogatories filed by Defendant at CM/ECF 46.[1]

Defendant's Motion to Compel does not address these additional specific objections with any specificity. Instead, Defendant's only self-serving argument in support of compelling better answers is that in Defendant's personal opinion his questions were "relevant, written in a respectful manner, and could be easily understood…." These arguments are not well-taken, and are not supported by any valid legal reason to overrule Plaintiff's well-pleaded objections. Plaintiff also notes that Defendant failed to mention that prior to his Motion to Compel, Defendant had the benefit of deposing Plaintiff's corporate representative, wherein he was represented by counsel who took that deposition for him and questioned the corporate representative on topics identical to many of the interrogatories.

Defendant also throws unrelated allegations in his Motion to Compel regarding his personal feelings about Plaintiff and its counsel. These allegations are not well founded. Plaintiff

---

[1] Note the verification for these answers to interrogatories was served on Defendant on May 1, 2019.

and Plaintiff's counsel have prosecuted this matter in good faith, and have treated Defendant and all other individuals related to this matter with professional respect and courtesy.

Therefore, as Defendant has provided no actual argument for overruling each of Plaintiff's well-pleaded objections, Plaintiff requests this Honorable Court sustain all Plaintiff's objections which go beyond mere objection to the untimeliness of Defendant's service of the interrogatories. Plaintiff is not opposed to this Honorable Court ordering a meet and confer by telephone between the parties for the limited purpose of discussing whether any interrogatories objected to on vagueness grounds may be clarified so that amended answers to those interrogatories only may be served.

Plaintiff also notes again that Defendant has never served Rules 26 disclosures despite being put on notice of the deficiency several times and requests that any Order from this Court regarding discovery also include a deadline for Defendant to provide Rule 26 disclosures prior to his May 17, 2019 deposition.

Finally, Plaintiff's Answers to Interrogatories, filed by Defendant at CM/ECF 46 in support of the Motion to Compel, appear to slip in two pages added at the end that purport to be a Defendant's First Request for Production to Plaintiff dated April 30, 2019.  Not only has this Request to Produce never been served on Plaintiff, it is severely untimely as pursuant to the Scheduling Order [CM/ECF 36] First Requests to Produce were due for service by January 18, 2019.  It is also untimely under Federal Rules of Civil Procedure 34, as discovery closes May 6, 2019, and there is no possible way for Defendant to formally serve these requests so that they may

be responded to before close of discovery. Therefore, Plaintiff respectfully requests this Honorable Court strike Defendant's Request to Produce as un-served and untimely.

                                                Respectfully Submitted,

By:    /s/ *Kevin T. Conway*
          Kevin T. Conway (KC-3347)
          80 Red Schoolhouse Road, Suite 110
          Spring Valley, NY 10977
          T: (845) 352-0206
          F: (845) 352-0481
          Email: ktcmalibu@gmail.com
          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, and on Defendant at his last known mailing address and via e-mail.

By:    /s/ *Kevin T. Conway*
          Kevin T. Conway (KC-3347)